## THE CITY OF MIAMI.

(District Court, D. Massachusetts.   February 20, 1920.)

No. 1806.

1. **Maritime liens** &#9756;2—**Contract for repair of vessel governed by law of state where performance required.**

   A contract for the repair and improvement of a steamer, which was to be performed in the state of Massachusetts, if not made there, is governed by the Massachusetts law.

2. **Maritime liens** &#9756;17—**State statute giving lien to those repairing vessel valid.**

   Rev. Laws Mass. c. 198, § 14, giving a lien to persons furnishing material for the repair of vessels, is unquestionably valid.

3. **Maritime liens** &#9756;17—**Massachusetts statute not repealed, and lien given to repairer of vessel should be recognized.**

   As the lien given by Rev. Laws Mass. c. 198, § 14, to persons performing labor or furnishing material in the construction or repair of vessels, gives a possessory lien, and does not purport to create a right of action

&#9756;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to be enforced by proceedings in rem, the statute was not repealed by Act June 23, 1910, § 5 (Comp. St. § 7787), and hence, as between the immediate contracting parties, should be enforced.

**4. Maritime liens ⬳54—Where lienor makes overcharge, owner must make adequate tender.**

Where defendant had a possessory lien for repairing a vessel, it is entitled to possession until its charges are paid, and, if it makes an overcharge, the owner, as a first step to asserting the right to possession, must make an adequate tender.

In Admiralty. Proceeding by the Havana-American Steamship Corporation against the steamship City of Miami, the Bethlehem Shipbuilding Corporation, Limited, claimant, to obtain possession of the vessel. Vessel restored to possession of the Bethlehem Shipbuilding Corporation.

G. Philip Wardner, of Boston, Mass., for libelant.

Samuel H. Pillsbury and S. E. Young, both of Boston, Mass., for claimant.

MORTON, District Judge. **[1, 2]** The contract for the repair and improvement of this steamer was, I infer, made in Massachusetts, and certainly was to be performed here. It is therefore covered by Massachusetts law. For a great many years there has been a statute in this state conferring upon persons who perform labor or furnish materials in the construction, launching, or repair of vessels a lien upon the vessel to secure the payment of the debt therefor. Rev. Laws, c. 198, § 14. This statute occasioned a difference of opinion as to the forum in which it could be enforced between the Supreme Courts of Massachusetts and of the United States. The Glide, 167 U. S. 606, 17 Sup. Ct. 930, 42 L. Ed. 296. But the statute is unquestionably valid.

**[3]** Under it the Bethlehem Shipbuilding Company has a lien on the City of Miami for its bill. As between the two contracting parties, I see no reason why the lien should not be fully recognized in the admiralty court. We are not dealing with a case of a third party having, by the admiralty law, a right in rem against the vessel, who seeks to enforce that right here, in disregard of the lien given by the state statute. The Director (D. C.) 34 Fed. 57, 67. I do not think that the Act of June 23, 1910, c. 373, § 5 (36 Stat. 604; U. S. Comp. St. § 7787), which repeals only such state statutes as "purport to create rights of action to be enforced by proceedings in rem against vessels," affects the Massachusetts statute. The latter confers a possessory lien, something essentially different. I do not mean to intimate that the lien of the Shipbuilding Company rests only on the Massachusetts statute; probably it exists at common law. See The Two Marys, 16 Fed. 697; The Ulrica (D. C.) 224 Fed. 140.

**[4]** Assuming that the Shipbuilding Company has a valid lien, it should be treated like any other possessory lien. The Shipbuilding Company is entitled to possession until its bill has been paid. If it makes an overcharge, the owner, as a first step towards asserting its

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

right, must make an adequate tender. That not having been done, I think that the arrest was improvidently ordered, and that the vessel should be restored to the possession of the Shipbuilding Company.